IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 15-20048-JAR-1 |
| JOHN SUTTON, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant John Sutton's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 53). For the reasons provided below, the Court dismisses the motion for lack of jurisdiction.

**I.   Background**

On March 14, 2016, Sutton appeared before Magistrate Judge David J. Waxse and pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).[1]  On December 5, 2016, this Court sentenced Sutton to two terms of 72 months' imprisonment, to be served concurrently, followed by two five-year terms of supervised release, also to be served concurrently.[2]

Sutton is incarcerated at FCI Texarkana in Texas. The Bureau of Prisons ("BOP") reports that, as of April 27, 2021, 607 inmates have tested positive for COVID-19 out of 1,055

---

[1] Doc. 25.
[2] Doc. 50.

inmates tested at this facility.³  The BOP further reports that FCI Texarkana has 1 active inmate case, 1 active staff case, and 1 inmate death attributed to COVID-19.⁴  Sutton is 59 years old, and his projected release date is February 24, 2022.

On February 26, 2021, Sutton filed a *pro se* motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because his underlying health conditions, which include diabetes and hypertension, place him at a heightened risk of severe illness from COVID-19.⁵  Sutton intends to live with his adult daughter in Pleasanton, Kansas, if released.⁶

Sutton is not represented by counsel.  Under District of Kansas Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act of 2018.⁷  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  The FPD has not entered an appearance on Sutton's behalf, and the time to do so has expired.  Accordingly, Sutton proceeds *pro se*.

---

³ Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Apr. 27, 2021).

⁴ *Id.*

⁵ Doc. 53 at 5.

⁶ Doc. 53-1 at 2.

⁷ Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

**II.      Legal Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[8]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[9]  Under § 3582(c)(1)(A), as amended by the First Step Act of 2018,[10] a defendant may file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  The court may reduce the defendant's sentence if it finds that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[11]

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."[12] "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the

---

[8] *United States v. Maumau*, ___ F.3d ___, 2021 WL 1217855, at *6 (10th Cir. Apr. 1, 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[9] *Id.*

[10] Pub. L. No. 115-391, 132 Stat. 5194.

[11] 18 U.S.C. § 3582(c)(1)(A); *see Maumau*, 2021 WL 1217855, at *7.

[12] *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)) (vacating the district court's order denying a § 3582(c)(1)(A) motion and remanding with instructions to dismiss the motion for lack of jurisdiction).  *But see United States v. Read-Forbes*, ___ F. App'x ___, No. 20-3104, 2021 WL 423160, at *2 n.1 (10th Cir. Feb. 8, 2021) (questioning, but not deciding, "whether [the defendant]'s failure to satisfy the substantive requirements of § 3582(c)(1)(A) is jurisdictional"); *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021) (stating in dicta that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking" (emphasis added) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021))).

3

court to have jurisdiction."[13]  If the defendant cannot make this showing, the court must dismiss the motion for lack of jurisdiction.[14]

### III. Discussion

#### A. Exhaustion

Sutton sent a letter to the warden of his facility requesting compassionate release on August 12, 2020, which the warden denied on September 18, 2020.[15]  The government concedes that Sutton has satisfied § 3582(c)(1)(A)'s exhaustion requirement.  Accordingly, the Court proceeds to determine whether extraordinary and compelling reasons warrant a reduction in Sutton's sentence.

#### B. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires the Court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a compassionate release motion.[16] "But neither § 3582(c)(1)(A)(i), nor any other part of the statute, defines the phrase 'extraordinary and compelling reasons' or indicates that the Sentencing Commission is charged with defining the phrase."[17]  The Court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[18]  While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission,"[19] the Sentencing Commission has not yet issued a policy

---

[13] *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

[14] *Saldana*, 807 F. App'x at 820; *Poutre*, 834 F. App'x at 474.  *But see Read-Forbes*, 2021 WL 423160, at *2 n.1; *McGee*, F.3d at 1043.

[15] Doc. 53-3.

[16] *United States v. Maumau*, ___ F.3d ___, 2021 WL 1217855, at *8 (10th Cir. Apr. 1, 2021).

[17] *Id.*

[18] *Id.*

[19] *Id.*

statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.  The Sentencing Commission's existing policy statement, U.S.S.G. § 1B1.13, "is applicable only to motions filed by the Director of the BOP."[20]  Accordingly, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the Court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[21]

Sutton asserts that his underlying medical conditions, which "mak[e] [him] vulnerable to Covid-19," constitute an extraordinary and compelling reason for a sentence reduction.[22] Sutton's medical records confirm that, among other medical conditions, he has hypertension, hyperlipidemia, and type 2 diabetes mellitus with diabetic neuropathy.[23]  Sutton is insulin-dependent and states that he walks with the assistance of a cane.  Sutton also has "unspecified" heart disease, with ongoing blockage in one or more arteries, and he is prescribed nitroglycerin for chest pain.[24]  According to the Centers for Disease Control and Prevention ("CDC"), people with diabetes and heart conditions "can be more likely to get severely ill from COVID-19."[25]

Sutton's medical records evidence that he contracted COVID-19 in November 2020, and in December 2020, a physician found that Sutton had recovered.[26]  The government contends that, given Sutton's recovery from COVID-19, "it is doubtful [he] has established extraordinary and compelling reasons . . . for compassionate release."[27]  The Court disagrees.  While Sutton's

---

[20] *Id.* at *12 (citations omitted).

[21] *Id.*

[22] Doc. 53 at 5.

[23] Doc. 53-3 at 4.

[24] *Id.* at 5, 8.

[25] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 29, 2021).

[26] Doc. 53-3 at 6.

[27] Doc. 56 at 17–18.

medical records indicate that he recovered from COVID-19 in December 2020, the possibility of reinfection persists. Approximately one year into the COVID-19 pandemic, the information on immunity and risk of reinfection remains limited. According to the CDC, "[w]e do not know how much protection (immunity) antibodies to the virus might provide against getting infected again."[28] "Based on what we know from similar viruses, some reinfections are expected."[29] In light of the scientific uncertainty, the Court cannot conclude that a defendant's recovery from COVID-19 precludes a finding that extraordinary and compelling reasons exist.[30] In this case, the Court finds that the combination of Sutton's medical conditions, which place him at an increased risk of severe illness should he contract COVID-19 again, constitute an extraordinary and compelling reason for a sentence reduction, despite his previous recovery from COVID-19.

C.  **Section 3553(a) Factors**

The Court next considers whether a sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a). That statutes requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

---

[28] CDC, *Reinfection with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020).

[29] CDC, *When to Quarantine*, https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last updated Mar. 12, 2021).

[30] *See United States v. Armstrong*, No. 18-5108, 2020 WL 4366015, at *3 (S.D. Cal. July 30, 2020) (opting to "err on the side of caution to avoid potentially lethal consequences," because "simply announcing that an inmate has 'recovered' does not mean [a defendant] is completely safe from the virus" (citation omitted)).

> (3) the kinds of sentences available;
> (4) the kinds of sentence[s] and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[31]

The § 3553(a) factors do not support a reduction in Sutton's sentence. Sutton pleaded guilty to a felony offense involving the possession and distribution of child pornography. Sutton distributed child pornography through a peer-to-peer file-sharing program called LimePRO.[32] In 2014, he admitted that he first viewed child pornography five years prior and that he searched for child pornography one to two times per week.[33] Although this was Sutton's first felony offense, there is no question the offense is serious. The distribution of child pornography "is intrinsically related to the sexual abuse of children" because it creates a "permanent record of the children's participation and the harm to the child is exacerbated by [its] circulation."[34] Even those "who 'merely' or 'passively' receive or possess child pornography directly contribute to this continuing victimization."[35] A victim in this case who was notified by the government that Sutton is seeking compassionate release has provided the following statement to the Court:

> The stress of knowing these images are out there being viewed and shared by so many strangers on a daily basis has affected my health in chronic ways and has created an ongoing trauma that does not end. . . . [P]lease think of the victims, survivors, and vulnerable children. Please think of the lifelong suffering these

---

[31] 18 U.S.C. § 3553(a).

[32] Doc. 32 ¶ 8.

[33] *Id.* ¶ 10.

[34] *New York v. Ferber*, 458 U.S. 747, 759 (1982).

[35] *United States v. Goff*, 501 F.3d 250, 259 (3d Cir. 2007).

offenders cause, and please act in ways that protect those who have been exploited.[36]

Sutton provides no information indicating he has engaged in any sort of rehabilitation while incarcerated.

When the Court sentenced Sutton, it adhered to the statutory mandate that it impose a sentence that was sufficient, but not greater than necessary, to accomplish the purposes of sentencing set forth in § 3553(a).  Sutton received a sufficient but judicious sentence of two concurrent terms of 72 months' imprisonment, well below the applicable Guidelines range of 97 to 121 months.[37]  Reducing Sutton's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment.  The Court finds that the sentence originally imposed remains sufficient, but not greater than necessary, to comply with the sentencing factors in § 3553(a) and punish the offense involved.  Because § 3582(c)(1)(A) does not authorize the Court to modify Sutton's sentence, the Court must dismiss the motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant John Sutton's Motion for Compassionate Release (Doc. 53) is **dismissed without prejudice for lack of jurisdiction**.

**IT IS SO ORDERED.**

Dated: April 28, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[36] Doc. 56 at 21.

[37] Doc. 51 at 1.